Mary W. Haynes, Plaintiff, v. Elmira Water, Light and Railroad Company, Defendant.

Fourth Department, March 13, 1918.

Railroads — negligence — injury to passenger by sudden starting of trolley car — starting signal given by passenger — absence of conductor from place of duty.

Where it appears that the plaintiff, when attempting to board a standing trolley car, was injured by the sudden starting of the car owing to the fact that a person other than the conductor rang the starting bell when the conductor himself was in the front end of the car, although the rules of the railroad required him to be on the rear platform when receiving or landing a passenger, the negligence of the railroad company is a question for the jury.

Even if the duties of the conductor at the time of the accident required him to be in the front of the car the jury were justified, nevertheless, in finding the defendant negligent.

Motion by the plaintiff, Mary W. Haynes, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance after defendant's motion for a nonsuit and to dismiss the complaint made at the close of plaintiff's case had been granted by the trial justice upon

a trial before the court and a jury at the Schuyler Trial Term in December, 1916.

The appeal was transferred from the Third Department to the Fourth Department under section 231 of the Code of Civil Procedure.   (181 App. Div. 913.)

*James O. Sebring,* for the plaintiff.

*Stanchfield, Lovell, Falck & Sayles* [*Halsey Sayles* of counsel], for the defendant.

KRUSE, P. J.:

The plaintiff attempted to board a standing car as a passenger.   It started without giving her a reasonable opportunity to get safely on the car and she was hurt.   It appears that the signal bell to start the car was rung by someone other than the conductor.   Even assuming, as defendant contends, that this was done without authority, direction or permission of the conductor, I am of the opinion that it was nevertheless a question of fact for a jury to determine whether the conductor was reasonably attentive to his duties in receiving passengers and managing the car at the time of the accident.   The rules of the company hold the conductor responsible for the safety and convenience of passengers.   He is required, when not otherwise engaged, to stand on the rear platform.   He is forbidden to stand inside of the car and if compelled to stand inside of the car to make change, he is required to face the rear door.   He must endeavor to be on the platform in all cases when receiving or landing a passenger and not to start the car until they are completely received or landed nor allow elderly or infirm persons, women or children to leave or enter a car when in motion.   He is especially enjoined to render needful assistance to ladies and elderly persons.   He must exercise utmost care not to start the car while passengers are getting on or off and the car must never be started until two bells have been fairly sounded, and three bells stop the car immediately.   The motorman is especially enjoined to sound the gong before starting the car at any time or place.   Upon this occasion the plaintiff was stepping on the second step when the bell rung and the car suddenly started. At that time the conductor was not upon the platform but somewhere in the front end of the car.   Just what he was

doing does not appear. He rushed back to the rear end of the car chiding the person who pulled the bell rope. It does not appear that it was necessary for the conductor to be in the front end of the car and it seems reasonably certain that if he had been on the rear platform and attending to his duties in assisting the plaintiff upon the car, the accident would not have happened. Furthermore, even if his duties required him to be in the front end of the car at that time, I think a finding of negligence is warranted. As has been stated, the defendant enjoins its employees not to start the car until two bells are fairly sounded and the gong sounded by the motorman. If that was done, I do not see why the conductor could not have countermanded the starting signal by giving three bells before the motorman had time to sound the gong and start the car. Neither the motorman nor the conductor was called to explain the accident. Indeed, no evidence was given on behalf of the defendant and I think the evidence of the plaintiff and her witnesses standing unchallenged required the case to be submitted to the jury.

The plaintiff's exceptions should, therefore, be sustained and the motion for new trial granted, with costs to the plaintiff to abide the event.

All concurred.

Plaintiff's exceptions sustained and motion for new trial granted, with costs to plaintiff to abide event.